IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:12-cr-107-MEF |
| | ) | (WO - Do Not Publish) |
| LELAND J. MCDOWELL | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Leland J. McDowell's ("McDowell") Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. #63) and Supplemental Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. #72). In these motions, McDowell argues that the Government failed to prove beyond a reasonable doubt that the co-defendant he bribed, James Potts ("Potts"), was an "agent" of the Alabama Department of Human Resources ("DHR"). More specifically, McDowell argues that, out of the four witnesses called by the Government to testify to the existence of an agency relationship between Potts and DHR, three testified that no such relationship existed. Indeed, McDowell argues that only Potts testified to the existence of such a relationship and only after "significant coaxing from the prosecutor." (Docs. #63, 72.) Because the Government failed to prove the existence of an agency relationship between Potts and DHR, which was an essential element of the Government's case, McDowell claims that no reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt, and, therefore, he is entitled to a judgment of acquittal or, at the very least, a new trial. (Docs. #63, 72.)

The Eleventh Circuit has stated that, in deciding a Rule 29 motion for judgment of

acquittal, a district court must determine whether, when "viewing all the evidence in a light most favorable to the government and drawing all inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt." *United States v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997) (citations omitted). In other words, to challenge a jury's guilty verdict on the grounds of insufficiency of the evidence, it must be established that "no reasonably jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

In this case, McDowell places great emphasis on the fact that there was testimony at trial that Potts was not an employee of DHR. According to McDowell's logic, if Potts was not an employee of DHR, he could not have been its "agent" either. This argument lacks merit. Section 666(d)(1) of Title 18 of the United States Code defines agent as "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C. § 666(d)(1). There is no express requirement that an "agent" under this section must be an employee of the organization or governmental entity. *See U.S. v. Lupton*, 620 F.3d 790, 800–01 (7th Cir. 2010) (finding an agency relationship under 18 U.S.C. § 666(d)(1) where the defendant had significant influence over the execution of a contract to be made on the state's behalf despite not being an employee of the state).

Rather, to qualify as an agent, an individual must simply have been authorized to act

on behalf of an entity or have influence over a final decision. *See U.S. v. Keen*, 676 F.3d 981, 990 (11th Cir. 2012); *U.S. v. Vitillo*, 490 F.3d 314, 321–23 (3rd Cir. 3007) (recognizing that an "agent" under 18 U.S.C. § 666(d)(1) is "merely a person with authority to act on behalf of the organization"). Moreover, courts have recognized that Congress intended § 666 to be extremely broad in scope. *See* Keen, 676 F.3d at 990; *Vitillo*, 490 F.3d at 321.

In this case, the trial testimony of Lt. Huggins, James Long, and Carolyn Rawls reflects that Potts was DHR's main contact for the fingerprinting program. Indeed, Potts evaluated the program, offered his expertise, and even trained DHR employees on fingerprinting. The trial testimony further revealed that DHR contacted Potts about fingerprinting, that they requested his assistance and asked him to go to Mississippi with a group from DHR to evaluate their fingerprinting program, and that Alabama DHR was prepared to accept and to implement whatever recommendation Potts made with respect to a fingerprinting program. In sum, Potts had significant involvement with and influence over the decision-making process regarding fingerprinting within DHR. Potts himself even testified that he was an agent and representative of DHR in the field of fingerprinting and that DHR relied on his opinion during the fingerprinting process. Based on the foregoing, the Court concludes that a reasonably jury could have concluded that Potts was an agent of DHR and that, as a result, McDowell was guilty beyond a reasonable doubt on the evidence presented for the crime charged. As a result, McDowell has failed to meet his burden under Rule 29, and his motions for a judgment of acquittal are due to be DENIED.

As to a new trial, Rule 33 of the Federal Rules of Criminal Procedure states "[t]he

court on motion of a defendant may grant a new trial to that defendant if required in the interests of justice." Fed. R. Crim. P. 33.  The decision whether to grant a new trial is within the sound discretion of the trial judge.  *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).  Unlike a motion for judgment of acquittal, "[o]n a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict.  It may weigh the evidence and consider the credibility of the witnesses."  *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  However, courts should exercise "great caution" when granting new trials and new trials only should be granted in "exceptional cases."  *United States v. Sjeklocha*, 843 F.2d 485, 487 (11th Cir. 1998) (citations omitted).  The court also must not reweigh evidence and set aside a verdict simply because it feels some other result would be more reasonable.  The evidence must preponderate heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand.  *See id.*

Again, in this case, the Court finds that the evidence does not preponderate heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand.  The jury is free to choose among reasonable constructions of the evidence, and here, they reasonably concluded that Potts was an agent of DHR, that he was authorized to act on DHR's behalf, and that McDowell paid him a bribe.  *United States v. Ibarra*, 286 F.3d 795, 797 (5th Cir. 2002).  Thus, McDowell's motions for a new trial are due to be DENIED.

Based on the foregoing, it is hereby ORDERED that Defendant Leland McDowell's Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (Doc. #63)

and Supplemental Motion for Judgment of Acquittal and, in the Alternative, Motion for New

Trial (Doc. #72) are DENIED.

DONE this the 19th day of September, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE